# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOWARD W. COSBY, | : | |
| Plaintiff, | : | CASE NO. 3:19-cv-401 (MPS) |
| | : | |
| v. | : | |
| | : | |
| TAWANA, et al., | : | |
| Defendants. | : | OCTOBER 18, 2019 |
| | : | |

_____

## RULING AND ORDER

The plaintiff, Howard W. Cosby, has filed a motion (ECF No. 32) seeking "emergency intervention and restraining order" in which he seeks orders that he be transferred to the medical unit at Osborn Correctional Institution or another adequate medical facility; sent to the University of Connecticut Health Center for emergency/adequate medical care including x-rays, nerve testing, diagnosis, and physical therapy; and kept separate and in a different correctional facility from all defendants in this case for the duration of his sentence. The defendants have filed an objection to the motion (ECF No. 39). Plaintiff moved for an extension of time (ECF No. 44) to respond to the defendants' objection, and the Court granted an extension until August 23, 2019 (ECF No. 51). The Plaintiff has not filed any response, despite filing other items on the docket since that time.

I.    Legal Standard

The same standard is used to evaluate requests for temporary restraining order and preliminary injunction. *Gilmore v. Schenectady Cty. Sheriffs*, 2018 WL 794579, at *5 (N.D.N.Y. Feb. 8, 2018) (citing *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping*

*Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)). Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). To prevail, the plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736 (2015) (internal quotation marks and citation omitted). The Second Circuit considers a showing of irreparable harm the most important requirement for an award of preliminary injunctive relief. *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995).

"[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante, *i.e.,* the situation that existed between the parties immediately prior to the events that precipitated the dispute." *Asa v. Pictometry Intern. Corp.*, 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010); *Constitution State Challenge, Inc. v. Nyemchek*, 2001 WL 640417, at *9 (D. Conn. June 1, 2001) (noting that preliminary injunctive relief was not needed to preserve status quo); *Transamerica Rental Finance Corp. v. Rental Experts*, 790 F. Supp. 378, 381 (D. Conn. 1992) ("It is well established in this Circuit that the purpose of a preliminary injunction is to preserve the *status quo* between two parties.").

Where the plaintiff seeks a mandatory injunction, *i.e.*, an injunction seeking to order the defendants to perform positive acts, he must meet a higher standard. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief

requested, or where extreme or very serious damage will result from the denial of preliminary relief." *Id.* (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (plaintiff seeking mandatory injunction must make "clear" or "substantial" showing of likelihood of success on the merits of his claim).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994) (other citations omitted).

Because the plaintiff must demonstrate a likelihood of success on the merits of his claims in the complaint to obtain preliminary injunctive relief, the injunctive relief requested must relate to those claims. *See, e.g., De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *Torres v. UConn Health,* 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).

II.     Background

This action concerns the plaintiff's confinement in restrictive housing at MacDougall-Walker Correctional Institution ("MacDougall") from December 18, 2018 through January 3, 2019. The remaining claims are ADA and RA claims for injunctive relief and compensatory

damages, Eighth Amendment deliberate indifference to medical needs claims relating to two falls, an Eighth Amendment conditions of confinement claim, claims for use of excessive force and failure to intervene, and retaliation claims. The defendants all work at MacDougall.

The plaintiff seeks injunctive relief in response to incidents occurring at MacDougall between June 30, 2019 and July 3, 2019, the date of the motion. The plaintiff alleges that, since he filed this case, custody and medical staff have retaliated against him through acts of medical neglect, verbal abuse, and physical violence. ECF No. 32, ¶ 1. Staff has been taking his legal work, refusing to send out his legal work, and not returning documents submitted for electronic filing. *Id.*, ¶ 2. The plaintiff received five disciplinary reports since June 30, 2019, resulting in his return to restrictive housing. *Id.*, ¶ 3.

The plaintiff also alleges that medical and custody staff refuse to provide his mobility aids in restrictive housing. These aids include orthopedic shoes, knee braces, a back binder, compression socks, adult diapers, a urinal, a wheelchair, and a handicap-accessible cell. *Id.*, ¶ 4. Custody staff, with the approval of medical staff, have applied full metal restraints including two pairs of handcuffs at the same time. The handcuffs cut circulation in his hands causing numbness in the top of his hands. *Id.*, ¶ 5.

The plaintiff injured a toe on his disabled left foot. *Id.*, ¶ 7. Housing unit officers forced him to pull himself from restricted housing to the medical unit. During this trip, his left foot was injured further. *Id.*, ¶ 8. Officers called him a rapist and harassed him. *Id.*, ¶¶ 8-10, 13. He has been denied his medication and access to his legal property. *Id.*, ¶¶ 11-12.

In response, the defendants state, *inter alia*, that the plaintiff has been transferred to Corrigan-Radgowski Correctional Institution ("Corrigan"), where he has received medical treatment he considers satisfactory. ECF No. 39 at 2, 8.

III.   <u>Discussion</u>

The defendants argue that the motion should be denied for two reasons.  First, they argue that the motion is moot because the plaintiff is no longer confined at MacDougall and currently is housed in a handicap-accessible cell with his various assistive devices.  Second, as his transfer appears to have resolved his various medical complaints, the defendants contend that the plaintiff cannot make the required showing of irreparable harm, likelihood of success on the merits, or compelling necessity.

A.   <u>Transfer</u>

The Second Circuit has held that an inmate's request for prospective injunctive relief from correctional staff relating to conditions of confinement at a particular correctional facility becomes moot when the inmate is transferred to a different correctional facility.  *Shepherd v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011) ("in this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials at that facility").

The plaintiff was transferred to Corrigan on July 11, 2019.  Defs.' Mem. Ex.1,  ECF No. 39-1 at 7, ¶ 12 & Ex. F, ECF No. 39-1 at 34.  As the incidents underlying the motion for preliminary injunctive relief all occurred at MacDougall, the plaintiff's claims relating to his treatment at MacDougall are moot.  The only claims that may not be rendered moot by his transfer are those relating to the plaintiff's ongoing medical treatment.  However, as all remaining defendants work at MacDougall, they cannot issue orders regarding his care at Corrigan and, therefore, cannot provide him any of the requested relief.  For these reasons, the motion for preliminary injunctive relief is denied.

B.  Relation to Issues in Case

Further, even if the requests were not moot, many of the claims raised in the motion are unrelated to the remaining claims in this action.  For example, the allegations of retaliation or harassment in response to filing this case including issuance of disciplinary reports, denial of legal materials, and refusal to transport the plaintiff to the medical unit or provide medication and the allegations of excessive force relating to the use of restraints in July 2019 do not relate to the period from December 2018 to January 2019, the only period at issue in this action, and are different in character from the remaining claims in this action.  As explained above, preliminary injunctive relief is inappropriate where the injunction deals with a matter unrelated to the issues in the lawsuit and seeks relief different from that which may be granted in the case.  *De Beers*, 325 U.S. at 220; *Torres,* 2017 WL 3713521, at *2 (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).

C.  Irreparable Harm

The plaintiff's request for provision of his assistive devices is related to his ADA and conditions of confinement claims and his request for medical treatment reasserts the request for injunctive relief in the Complaint.  Even if there were a defendant at the facility at which the plaintiff is currently housed who could grant the requested relief, the plaintiff cannot show that he will suffer irreparable harm if this motion is denied.

The defendants have filed the declaration of Lieutenant Kelly, the unit manager of the housing unit at Corrigan where the plaintiff currently is confined.  The plaintiff is housed in a handicap-accessible cell and has within his cell, at a minimum, a walker, wheelchair, ankle brace, knee brace, hand-held urinal, and back brace.  Defs.' Mem. Ex. 5, Kelly Decl., ECF No. 39-5, ¶ 5.  As the plaintiff has been provided the assistive devices he seeks and is housed in a

handicap-accessible cell, his request for these items is moot. To the extent that there are other assistive devices he has not been provided, the plaintiff makes no showing that the lack of other items would cause him to suffer irreparable harm.

In addition, the plaintiff was seen by Corrigan medical staff upon his transfer. The plaintiff's medical records show that assistive devices were prescribed and he was referred to a neurologist. The plaintiff told the APRN and Lieutenant Kelly that he was satisfied with the treatment plan. Defs.' Mem. Ex. 6, ECF No. 38-1 at 4. As the plaintiff's medical concerns were addressed to his satisfaction upon his arrival at Corrigan, there is no evidence suggesting that he will suffer irreparable harm if this motion is denied.

IV.   Conclusion

The plaintiff's motion [**ECF No. 32**] is **DENIED**.

**SO ORDERED** at Hartford, Connecticut, this 18th day of October 2019.

_____/s/_____
Michael P. Shea
United States District Judge