| | : | |
|---|---|---|
| HOWARD W. COSBY, | : | |
| Plaintiff, | : | CASE NO. 3:19-cv-401 (MPS) |
| | : | |
| v. | : | |
| | : | |
| TAWANA, et al., | : | |
| Defendants. | : | OCTOBER 18, 2019 |
| | : | |

**RULING AND ORDER**

The plaintiff, Howard W. Cosby, has filed motions seeking leave to file an amended complaint, requesting a settlement conference, and to compel discovery, and has filed a letter which the Court construes as a motion for preliminary injunctive relief. The defendants have filed motions seeking a protective order. For the following reasons, the plaintiff's motions are denied without prejudice and the defendants' corrected motion is granted in part.

I.  Motion to Amend (ECF No. 40)

This case concerns incidents occurring between December 18, 2018 and January 3, 2019, while Cosby was confined in the restrictive housing unit at MacDougall-Walker Correctional Institution ("MacDougall"). The claims remaining after initial review are for violation of the plaintiff's rights under the Americans with Disabilities Act and Rehabilitation Act, deliberate indifference to medical needs relating to two falls, unconstitutional conditions of confinement in the restrictive housing unit, use of excessive force and failure to intervene, and retaliation. *See* Initial Review Order, ECF No. 9 at 27. The plaintiff seeks leave to file an amended complaint. The motion must be denied for two reasons.

The proposed amended complaint names only four new defendants. It does not include the twenty-one defendants ordered served in the Initial Review Order. In addition, the proposed amended complaint alleges only facts relating to the four new defendants. An amended complaint completely replaces the original complaint. *See Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well-established that an amended complaint ordinarily supersedes the original complaint and renders it of no legal effect." (internal citation and quotation marks omitted)). If the Court were to apply this rule, most of the claims remaining after initial review and all claims against the original defendants would be considered abandoned. This does not appear to have been the plaintiff's intent.

In addition, although not mentioned in the proposed amended complaint, the plaintiff refers to sexual assault and sexual harassment at Corrigan-Radgowski Correctional Center ("Corrigan") in his motion and has submitted exhibits relating to these possible claims. All the defendants work at MacDougall and all the claims occurred there during a specific time period. The plaintiff's allegation regarding occurrences at a different correctional facility are not related to the claims in this case.

Federal Rule of Civil Procedure 20 permits joinder of multiple defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As the plaintiff's claims for sexual assault or for any occurrence at Corrigan are unrelated to the claims in this action, they would be improperly joined in this action. If the plaintiff were to file an amended complaint including those claims, the Court would sever the claims from this action. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the

2

court may at any time, on just terms, add or drop a party" or "sever any claim against a party" based on misjoinder). The plaintiff must pursue his other claims in separate actions.

The plaintiff's motion to amend is denied without prejudice. The plaintiff may refile his motion to add to this case only allegations against Officer Gerrish and Nurses Liz, Debbie, and Joy relating to the remaining claims arising from events at MacDougall between December 18, 2018 and January 3, 2019.

II. Motion for Settlement Conference (ECF No. 45)

The plaintiff has filed a motion requesting a settlement conference to avoid a trial in this case. He does not indicate whether he has discussed settlement with defendants' counsel or if counsel is amenable to settlement discussions. Absent evidence that both parties are willing to discuss settlement, a settlement conference is not warranted.

The Court notes that the defendants have filed a motion seeking to determine whether the plaintiff exhausted his administrative remedies before commencing this action. In light of their position that he did not do so, it does not appear that the defendants would be willing to discuss settlement at this time. The plaintiff's motion is denied without prejudice to refiling if he can confirm counsel's willingness to participate in a settlement conference.

III. Motions for Protective Order (ECF Nos. 49–50)

The defendants seek a protective order to stay all discovery unrelated to exhaustion of administrative remedies and ask the Court to schedule an evidentiary hearing to review the parties' evidence and determine whether the plaintiff exhausted his administrative remedies regarding all claims before he commenced this action. ECF No. 50 at 2. The plaintiff has filed an objection to the motion. ECF No. 55.

Federal Rule of Civil Procedure 26 governs protective orders. The court, upon

demonstration of good cause and evidence of good faith discussions with the opposing party, has the discretion to issue a protective order limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(D). The defendants have reported the results of their conference with the plaintiff on this issue. To demonstrate good cause for the motion, the defendants have submitted declarations from the persons responsible for maintaining the various records stating that the plaintiff did not fully exhaust his administrative remedies on any of the remaining claims before he commenced this action or at any time through the date of the declarations.

The Prisoner Litigation Reform Act requires prisoners to exhaust administrative remedies before filing a federal lawsuit relating to prison conditions. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534, U.S. 516, 524, 532 (2002).

Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). Also, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90-91, 93 (2006) (proper exhaustion "means using all steps that the agency holds out …(so that the agency addresses the issues on the merits) … [and] demands compliance with agency deadlines and other critical procedural rules"). An inmate's failure to exhaust administrative remedies is only excusable if the remedies are, in fact, unavailable. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). Exhaustion of administrative remedies is an affirmative

4

defense. Thus, the defendants bear the burden of proof. *See McCoy v. Goord*, 255 F. Supp. 2d 233, 247-48 (S.D.N.Y. 2003) (citing *Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999)).

Because exhaustion of administrative remedies is a mandatory prerequisite and the plaintiff has begun seeking discovery relating to the merits of his claims, the defendants seek a protective order restricting discovery to the issue of exhaustion until such time as the Court determines whether the plaintiff exhausted his administrative remedies on the remaining claims in this action. As the defendants have submitted declarations suggesting that the plaintiff has not exhausted his administrative remedies on any of his remaining claims, the Court agrees that a protective order restricting discovery to exhaustion is appropriate in this case.

The defendants also ask the Court to schedule an evidentiary hearing to review the evidence of exhaustion or non-exhaustion and determine which, if any, claims should be dismissed for failure to exhaust administrative remedies. In response, the plaintiff has filed copies of correctional directives and various documents he claims demonstrate that he exhausted his administrative remedies on all claims. He states that he offered to provide these documents to defendants' counsel in response to a proper discovery request[1] but counsel elected to file the motion instead. The plaintiff also has submitted documents from another inmate which are not relevant to the issue whether he exhausted his administrative remedies on his own claims. The Court can resolve this issue without an evidentiary hearing only if it can determine that there are no genuine issues of fact regarding exhaustion.

The relevant documents submitted by the plaintiff include: (1) one page of a grievance

---

[1] The plaintiff is incorrect in his assumption that the defendants were required to submit a discovery request to obtain his evidence of exhaustion. The Standing Order re: Initial Discovery Disclosures, ECF No. 11, requires the plaintiff to provide to defendants' counsel "[c]opies of any grievances, complaints, notices, reports or correspondence in plaintiff's possession that relate to the claims in the Complaint." *Id.* ¶ 1.

dated December 22, 2018 claiming retaliation and abuse by eighteen custody and medical staff members, ECF No. 56 at 2; (2) an Appeal of Health Services Review dated March 8, 2019 citing lack of response to his January 29, 2019 level 2 grievance for medical abuse, *id.* at 34; (3) an Appeal of Health Services Review dated January 29, 2019 claiming lack of response to a December 20, 2018 grievance for medical abuse, *id.* at 35; (4) an Inmate Grievance Appeal Form -Levels 2/3 dated January 29, 2019 claiming lack of response to his December 20, 2018 grievance for abuse by custody, *id.* at 36; (5) an Inmate Grievance Appeal Form – Levels 2/3 dated March 8, 2019 claiming lack of response to his January 28, 2019 level 2 grievance for custody abuse, *id*. at 37; and (6) a Request for Reasonable Accommodation dated December 20, 2018 seeking his "ortho shoes, back binder, compression sox, knee braces, walker, wheelchair, handicap cell/shower" but acknowledging that he had the walker, *id*. at 40. Although the plaintiff appears to contend that his submission is sufficient for the Court to resolve this matter, the defendants have not yet submitted all their evidence that the plaintiff failed to exhaust his administrative remedies on all pending claims. Thus, it would be premature for the Court to address this matter on the current record.

The Court will permit the defendants to file a motion for summary judgment directed solely to the issue of exhaustion of administrative remedies. The plaintiff can then respond to the motion and present the attached documents or others in his possession. If the motion is denied, the Court will afford the defendants an opportunity either to renew the request for an evidentiary hearing, provided they include an explanation as to why holding such a hearing would further the interest of judicial economy, or to file a second motion for summary judgment directed to the merits of the claims after a limited period of further discovery.

Both parties were required to disclose evidence of exhaustion of administrative remedies

in their initial discovery disclosures and the plaintiff has submitted some evidence with his objection. Thus, this evidence should be readily available to the parties. The Court hereby enters a protective order restricting discovery to the issue of exhaustion of administrative remedies for the next thirty days at the end of which time the defendants shall file their motion for summary judgment on the issue of exhaustion. If the defendants do not file their motion within thirty days from the date of this order, the protective order will expire and discovery will proceed on all issues relevant to the remaining claims.

IV. Plaintiff's Letter (ECF No. 48)

On August 12, 2019, the plaintiff filed a copy of a letter he sent to defendants' counsel describing difficulties he has encountered at Corrigan-Radgowski Correctional Center. He asks the Court to provide relief for the conditions described in the letter. The Court construes the letter as a motion for preliminary injunctive relief.

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). To prevail, the plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736 (2015) (internal quotation marks and citation omitted). The Second Circuit considers a showing of irreparable harm the most important requirement for an award of preliminary injunctive relief. *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995).

"[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante, *i.e.,* the situation that existed between the parties immediately prior

to the events that precipitated the dispute." *Asa v. Pictometry Intern. Corp.*, 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010); *Constitution State Challenge, Inc. v. Nyemchek*, 2001 WL 640417, at *9 (D. Conn. June 1, 2001) (noting that preliminary injunctive relief was not needed to preserve status quo); *Transamerica Rental Finance Corp. v. Rental Experts*, 790 F. Supp. 378, 381 (D. Conn. 1992) ("It is well established in this Circuit that the purpose of a preliminary injunction is to preserve the *status quo* between two parties.").

Where the plaintiff seeks a mandatory injunction, *i.e.*, an injunction seeking to order the defendants to perform positive acts, he must meet a higher standard. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief." *Id.* (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (plaintiff seeking mandatory injunction must make "clear" or "substantial" showing of likelihood of success on the merits of his claim).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994) (other citations omitted).

Because the plaintiff must demonstrate a likelihood of success on the merits of his claims in the complaint to obtain preliminary injunctive relief, the injunctive relief requested must relate to the claims in the complaint. *See, e.g., De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *Torres v. UConn Health,* 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).

As explained above, all claims in this action relate to an incident at MacDougall in December 2018 and all defendants work at MacDougall. The allegations in the plaintiff's letter concern his confinement at Corrigan. Because that confinement is unrelated to the claims and defendants in this action, an award of preliminary injunctive relief is not warranted.

V.      Conclusion

The plaintiff's motion to amend [**ECF No. 40**] is **DENIED** without prejudice. The plaintiff may refile his motion accompanied by a proper proposed amended complaint that asserts only those claims remaining after initial review and includes allegations relating to the four persons the plaintiff seeks to add as defendants, Officer Gerrish and Nurses Liz, Debbie, and Joy. In addition, the plaintiff shall provide the nurses' full names. The plaintiff's motion for settlement conference [**ECF No. 45**] is **DENIED** without prejudice. The preliminary injunctive relief requested in the plaintiff's letter [**ECF No. 48**] also is **DENIED** without prejudice.

The defendants' corrected motion for protective order [**ECF No. 50**] is **GRANTED**. The Court hereby enters a protective order restricting discovery to the issue of exhaustion of administrative remedies for the next **thirty (30) days** at the end of which time the defendants

shall file a properly supported motion for summary judgment on the issue of exhaustion. If the defendants do not file their motion within thirty days from the date of this order, discovery will proceed on all issues relevant to the remaining claims. The defendants' initial motion for protective order [**ECF No. 49**] is **DENIED** as moot.

In light of the protective order restricting discovery to the issue of exhaustion, the plaintiff's motion to compel production of materials relating to the merits of his underlying claims [**ECF No. 55**] is **DENIED** without prejudice.

**SO ORDERED** at Hartford, Connecticut, this 18th day of October 2019.

/s/
Michael P. Shea
United States District Judge