## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| HOWARD W. COSBY, | : | |
| Plaintiff, | : | CASE NO. 3:19-cv-401 (MPS) |
| | : | |
| v. | : | |
| | : | |
| TAWANA, et al., | : | |
| Defendants. | : | MAY 22, 2020 |
| | : | |

_____

### RULING AND ORDER

The plaintiff, Howard W. Cosby, has filed two motions seeking preliminary injunctive

relief, a request for transfer to protective custody placement based on conditions he experienced

in the first few days after his return to MacDougall-Walker Correctional Institution

("MacDougall") in December 2019, and a motion for emergency medical treatment for chemical

agents allegedly placed in his property.  The defendants have filed a response along with a

motion to seal portions of the plaintiff's medical records submitted in connection with their

response.  For the following reasons, the plaintiff's motions are denied and the defendants'

motion to seal is granted.

I.   <u>Standard of Review</u>

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be

granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River

Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted).  To

prevail, the plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in

his favor, and that an injunction is in the public interest." *Glossip v. Gross*, ___ U.S. ___, 135 S.
Ct. 2726, 2736 (2015) (internal quotation marks and citation omitted).  The Second Circuit
considers a showing of irreparable harm the most important requirement for an award of
preliminary injunctive relief.  *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995).

"[T]he court's task when granting a preliminary injunction is generally to restore, and
preserve, the status quo ante, *i.e.,* the situation that existed between the parties immediately prior
to the events that precipitated the dispute." *Asa v. Pictometry Intern. Corp.*, 757 F. Supp. 2d
238, 243 (W.D.N.Y. 2010); *Constitution State Challenge, Inc. v. Nyemchek*, 2001 WL 640417, at
*9 (D. Conn. June 1, 2001) (noting that preliminary injunctive relief was not needed to preserve
status quo); *Transamerica Rental Finance Corp. v. Rental Experts*, 790 F. Supp. 378, 381 (D.
Conn. 1992) ("It is well established in this Circuit that the purpose of a preliminary injunction is
to preserve the *status quo* between two parties.").

Where the plaintiff seeks a mandatory injunction, *i.e.*, an injunction seeking to order the
defendants to perform positive acts, he must meet a higher standard.  *Cacchillo v. Insmed, Inc.*,
638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special
Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)).  A mandatory preliminary
injunction "should issue only upon a clear showing that the moving party is entitled to the relief
requested, or where extreme or very serious damage will result from the denial of preliminary
relief." *Id.* (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted);
*see also Tom Doherty Assocs., Inc. v. Saban Entertainment Inc.*, 60 F.3d 27, 33-34 (2d Cir.
1995) (plaintiff seeking mandatory injunction must make "clear" or "substantial" showing of
likelihood of success on the merits of his claim).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994) (other citations omitted).

Because the plaintiff must demonstrate a likelihood of success on the merits of his claims in the complaint to obtain preliminary injunctive relief, the injunctive relief requested must relate to those claims. *See, e.g., De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *Torres v. UConn Health,* 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).

II.    Background

This action concerns the plaintiff's confinement in restrictive housing at MacDougall from December 18, 2018 through January 3, 2019. The remaining claims are ADA and RA claims for injunctive relief and compensatory damages, Eighth Amendment deliberate indifference to medical needs claims relating to two falls, an Eighth Amendment conditions of confinement claim, claims for use of excessive force and failure to intervene, and retaliation claims. The named defendants are Nurse Supervisor Tawanna, ADA Coordinator Hall, RHU Manager Paton, Officer Bushnell, Officer Robinson, Officer Landrie, Warden Mulligan, RHU Counselor Grant, Officer Lugo, Officer France, Officer Harris, Lieutenant Jazmin, Lieutenant

Rivera, Lieutenant Mihaliak, Officer Gardiner, Officer Sullivan, Officer Beartrand, Nurse Gloria, Nurse Shawna, and Nurse Joe.

In his first motion seeking a transfer to protective custody, filed on December 12, 2019, the plaintiff states that, when he returned to MacDougall on December 10, 2019, Officer Gardiner harassed him, other staff threatened him, and medical staff put him in a non-handicap-accessible cell where he fell injuring his back and left ankle. ECF No. 81 1¶  He requested various items and asked to see a doctor but received no response. *Id.* ¶ 2.  The ADA coordinator has ignored his requests and he has received disciplinary charges for refusing housing. *Id.* ¶ 3.

In the second motion, the plaintiff contends that property officers are retaliating against him for a property claim he filed in 2018. ECF No. 88 ¶ 1.  The plaintiff alleges that Property Officers Briattico and Burns put a chemical substance on his legal work before the plaintiff accessed his legal boxes on January 16, 2020. *Id.* ¶ 11.  The substance caused the plaintiff to cough and sneeze and also experience tightness in his chest, burning eyes, and a sore throat. *Id.* ¶¶ 7-8.  Medical staff found nothing, and Unit Manager Claudio refused to review footage to detect any tampering. *Id.* ¶¶ 12, 14.  The plaintiff also alleges that Officers Briattico and Lamountain made fun of him while he was providing a urine sample. *Id.* ¶¶ 3-4.

III.   Discussion

The first motion concerns the conditions under which the plaintiff was housed for the first two days after his return to MacDougall in December 2019.  This action concerns a specific incident that occurred a year earlier.  The claims raised in the plaintiff's second motion are unrelated in time and subject to the remaining claims in this action.  Officers Briattico, Burns, Lamountain, and Claudio are not defendants in this case and there is no claim for retaliation based on a 2018 property claim in this case.  As explained above, preliminary injunctive relief is

inappropriate where the injunction deals with a matter unrelated to the issues in the lawsuit and seeks relief different from that which may be granted in the case. *De Beers*, 325 U.S. at 220; *Torres,* 2017 WL 3713521, at *2 (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint). As neither motion relates to the remaining claims in this case, the motions are denied.

The Court did request that the defendants investigate and respond to the allegations relating to a need for medical care in the second motion. The defendants also address the request for protective custody placement in the first motion.

The defendants provide copies of the plaintiff's medical records which show that he was seen by medical and mental health staff for his many complaints. Nothing in the medical records suggests that his needs are not being addressed or that the plaintiff will suffer irreparable harm should this motion be denied.

The defendants also have submitted a copy of the review of the plaintiff's request for protective custody placement. The reviewer determined that the plaintiff's issues derived from his interactions with persons at MacDougall and that the situation could be remedied by transfer to another correctional facility when the plaintiff progresses to Phase 2 of the Chronic Discipline program. ECF No. 104-1 at 5. The reviewer noted that the plaintiff appeared more focused on his comfort rather than his safety, could identify no specific threats when interviewed, and was insisting on transfer to a correctional facility for which he was ineligible. *Id.* The Court concludes, based on this review, that the plaintiff will not suffer irreparable harm if this request is denied.

IV.   Conclusion

The defendants' motions to file medical records under seal [**ECF No. 99**] is **GRANTED**.

The plaintiff's motions for preliminary injunctive relief [**ECF Nos. 81, 88**] are **DENIED**.

**SO ORDERED** at Hartford, Connecticut, this 22d day of May 2020.

_____/s/_____
Michael P. Shea
United States District Judge