## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOWARD W. COSBY, : | |
| Plaintiff, : | CASE NO. 3:19-cv-401 (MPS) |
| : | |
| v. : | |
| : | |
| TAWANA, et al., : | |
| Defendants. : | JULY 27, 2020 |

### RULING AND ORDER

On June 24, 2020, the plaintiff, Howard W. Cosby, filed a "motion to intervene." He filed an amendment to the motion on June 29, 2020. In the motions, the plaintiff asks the Court to intervene on his behalf and order correctional officers who are not defendants in this case to return all of his legal property to him. Without this property, the plaintiff contends that he cannot properly litigate his many pending cases.

The "nature of a motion is determined by its substance and not the label attached to it." *Rosado v. Johnson*, 589 F. Supp. 2d 398, 400 (S.D.N.Y. 2008) (citations omitted); *see Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 909 n.10 (1990) (noting that courts construe motions according to their substance, not erroneous nomenclature); *Chambers v. U.S.,* 106 F.3d 472, 475 (2d Cir.1997) (pro se petitions should be characterized based on the relief sought, without regard to the label given to them by *pro se* prisoners unlearned in the law). Thus, the courts routinely construe motions to reflect their substance. *See, e.g., Card v. Coleman*, No. 3:14-cv-830(VAB), 2015 WL 3948960, at *4 (D. Conn. June 29, 2015) (construing document entitled motion for leave to file amended complaint as motion for extension of time to do so based on relief sought);

*Joseph v. LaValley*, No. 12-cv-315(MAT), 2013 WL 3148320, at *6 n.4 (W.D.N.Y. June 19, 2013) (construing document captioned answer and docketed as reply/response as renewed motion for stay and abeyance).

As the plaintiff is seeking injunctive relief, the Court construes the motions as motions for preliminary injunction or temporary restraining order.  For the following reasons, the motions are denied.

I.      Standard

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted).  To prevail, the plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, ___ U.S. ___, 135 S. Ct. 2726, 2736 (2015) (internal quotation marks and citation omitted).  The Second Circuit considers a showing of irreparable harm the most important requirement for an award of preliminary injunctive relief.  *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995).

"[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante, *i.e.*, the situation that existed between the parties immediately prior to the events that precipitated the dispute." *Asa v. Pictometry Intern. Corp.*, 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010); *Constitution State Challenge, Inc. v. Nyemchek*, 2001 WL 640417, at *9 (D. Conn. June 1, 2001) (noting that preliminary injunctive relief was not needed to preserve status quo); *Transamerica Rental Finance Corp. v. Rental Experts*, 790 F. Supp. 378, 381 (D.

Conn. 1992) ("It is well established in this Circuit that the purpose of a preliminary injunction is to preserve the *status quo* between two parties.").

Where the plaintiff seeks a mandatory injunction, *i.e.*, an injunction seeking to order the defendants to perform positive acts, he must meet a higher standard. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief." *Id.* (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (plaintiff seeking mandatory injunction must make "clear" or "substantial" showing of likelihood of success on the merits of his claim).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994) (other citations omitted).

Because the plaintiff must demonstrate a likelihood of success on the merits of his claims in the complaint to obtain preliminary injunctive relief, the injunctive relief requested must relate to those claims. *See, e.g., De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter

lying wholly outside of the issues in the suit"); *Torres v. UConn Health,* 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).

II.     Discussion

This case involves the plaintiff's confinement in restrictive housing from December 18, 2018 through January 3, 2019.  In his motion, the plaintiff describes events occurring in June 2020 and states that Officers Briattico and Cheney will not permit him to retain all of his legal property in his cell.  Officers Briattico and Cheney are not defendants in this case and the plaintiff's request is unrelated to the claims in this case in type or time.  As explained above, preliminary injunctive relief is inappropriate where the injunction deals with a matter unrelated to the issues in the lawsuit and seeks relief different from that which may be granted in the case. *De Beers*, 325 U.S. at 220; *Torres,* 2017 WL 3713521, at *2 (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).  As neither motion relates to the remaining claims in this case, the motions are denied.

III.    Conclusion

The plaintiff's motions to intervene [**ECF Nos. 130, 131**], which the Court considers as motions for preliminary injunctive relief, are **DENIED**.

**SO ORDERED** at Hartford, Connecticut, this 27th day of July 2020.

/s/
Michael P. Shea
United States District Judge